# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| **RUSSELL I. BISTLE,** | ) |
| **PLAINTIFF,** | ) |
| | ) |
| V. | ) |
| | ) **CIVIL ACTION NO.:** |
| **ACADEMY, LTD. D/B/A** | )   1:21cv293 LG-JCG |
| **ACADEMY SPORTS +** | ) |
| **OUTDOORS AND JOHN DOES 1-** | ) |
| **5** | ) |
| | ) |
| **DEFENDANTS.** | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Academy, Ltd. d/b/a Academy Sports + Outdoors ("Academy"), hereby removes this civil action from the Circuit Court of Harrison County, Mississippi, where it is currently pending as Civil Action No. A2402-21-126, to the United States District Court for the Southern District of Mississippi, Southern Division. In support of the removal, Academy states as follows:

### INTRODUCTION

1. Plaintiff Russel I. Bistle ("Plaintiff") filed this civil action on July 28, 2021. A copy of the Complaint and an accompanying summons was served on

Academy's registered agent for service of process on August 11, 2021. A copy of the Complaint is attached hereto as Exhibit A.

2. The Complaint alleges, among other things, that Plaintiff sustained injuries that allegedly occurred because Plaintiff slipped and fell "in liquid present on the floor outside the entrance to the restroom." Pl.'s Compl. at ¶ 5. The Complaint seeks unspecified damages, including past, present, and future medical treatment, past, present, and future physical pain and suffering, mental and emotional distress, public embarrassment, permanent disability, and loss of enjoyment of life. *See id.* at ¶ 7.

3. The Complaint could have been filed originally in this Court pursuant to 28 U.S.C. § 1332 because this action involves a dispute between parties as to whom complete diversity of citizenship exists, and with respect to which the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Therefore, this action is removable under 28 U.S.C. § 1441 based upon diversity jurisdiction.

**I.     The Court has Diversity Jurisdiction over this Civil Action.**

5. This Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.

### A. The Parties are completely diverse.

6. Plaintiff, upon information and belief, is an adult resident citizen of Harrison County, Mississippi. Pl.'s Compl. at 1, ¶ 1.

7. Academy is not a citizen of Mississippi insofar as it is a Texas limited partnership with none of its members being residents of Mississippi. The general partner of Academy is Academy Managing Co., LLC, whereas the limited partner of Academy is Associated Investors, LLC. The membership interests of Associated Investors, LLC and Academy Managing Co., LLC are owned 100% by New Academy Holding Company, LLC. The sole member of New Academy Holding Company, LLC is Academy Sports and Outdoors, Inc. Academy Sports and Outdoors, Inc. is a Delaware corporation with its principal place of business in Texas.

### B. The Amount in Controversy exceeds $75,000 exclusive of interest and costs.

8. Although Plaintiff's Complaint is silent on the amount in controversy, the action is removable because it is "facially apparent" from the plaintiff's complaint that his claims "are likely above [$75,000]." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

9. The Complaint seeks unspecified damages, including past, present, and future medical treatment, past, present, and future physical pain and suffering, mental and emotional distress, public embarrassment, permanent disability, and

loss of enjoyment of life. *See* Pl.'s Compl. at ¶ 7. Courts have held that similar allegations contained in a complaint are sufficient to satisfy the amount in controversy needed for diversity jurisdiction. *See e.g., Gipson v. Goodyear Tire & Rubber Co.,* 2013 WL 11331167, *4 (E.D. Tex. 2013) (holding that Plaintiff's allegations that he suffered "injuries" that were "severe, permanent, and disabling" were sufficient to satisfy the amount in controversy); *see also Lowery v. JC. Penney Corp., Inc. ,* 2006 WL 3827527, at *2 (W.D. La. Dec. 28, 2006) (concluding that it was facially apparent from the original petition that the amount in controversy exceeded $75,000.00 where the plaintiff sought the recovery of damages resulting from a slip and fall, including damages for mental anguish, emotional distress, worry, anxiety, and inconvenience, medical expenses, loss of enjoyment of life, permanent disability and impairment); *Scirocco v. Ford Motor Co.,* No. 5:13- CV-128-KS-MTP, 2014 WL 5817543, at *1 (S.D. Miss. Nov. 10, 2014) (holding that Plaintiff's allegations that she suffered severe, painful and permanent physical injuries, past mental anguish, disability, loss of wages, and that she may reasonably be expected to incur the same in the future in addition to past and future hospital, doctor, drug and other medical expenses was sufficient to satisfy the amount in controversy).

  10. Furthermore, Mississippi juries have returned verdicts in excess of $75,000 for claims similar to those contained in Plaintiff's Complaint. *See IOC-*

*Lula v. Smartt,* 198 So. 3d 455 (Miss. 2016) (affirming jury verdict of $251,000 arising from a slip-and-fall where the trial court limited recovery to medical, drug, and related expense, loss of wages, future medical expenses, and mental and emotional distress and evidence of wage-earning capacity and future earnings was excluded).

11. As such, it is clear from the face of the complaint that Plaintiff seeks damages in excess of $75,000. *See Ervin v. Sprint Comm 'cs Co*., 364 Fed. Appx. 114, 117 (5th Cir. 2010) (explaining that courts look to the "face of the complaint" to determine whether the amount in controversy exceeds the jurisdictional threshold).

12. Therefore, this entire case is removable pursuant to 28 U.S.C. § 1441(a).

**II.   The Other Prerequisites for Removal Are Satisfied.**

13. This Notice of Removal is timely filed within 30 days following August 11, 2021, the date upon which Academy was first served with process in this action.  *See* Exhibit A (including copy of transmittal showing date of service upon registered agent for Academy); *see also Howard v. CitiFinancial, Inc*., 195 F. Supp. 2d 811, 819 (S.D. Miss. 2002) (holding that Fed. R. Civ. P. 6(a) applies in calculating the deadline to file removal).

14. Plaintiff has demanded a jury trial.

15. A Notice of Filing, with a copy of this Notice of Removal (without exhibits), will be filed promptly with the Circuit Clerk of Harrison County, Mississippi.

16. The Circuit Court of Harrison County is situated within this district and division, making a removal to this Court proper pursuant to 28 U.S.C. § 1441(a).

17. If any question arises as to the propriety of the removal of this action, Academy requests the opportunity to present a brief and oral argument and to conduct discovery in support of its position that subject matter jurisdiction exists.

WHEREFORE, Academy in this civil action, respectfully requests that the above-captioned action now pending in the Circuit Court of Harrison County, Mississippi, be removed to the United States District Court for the Southern District of Mississippi, Southern Division, and that said district court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

**RESPECTFULLY SUBMITTED**, this 10th day of September, 2021.

                                              ACADEMY SPORTS + OUTDOORS

                                  By:   *s/ Michael C. Williams*
                                                  Michael C. Williams (MBN 104537)
                                                  Bradley Arant Boult Cummings LLP
                                                  One Jackson Place
                                                  188 East Capitol Street, Suite 1000
                                                  Jackson, Mississippi 39201

Telephone: (601) 948-8000
Facsimile: (601) 948-3000
mwilliams@bradley.com

*Counsel for Defendant Academy Sports + Outdoors*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, on behalf of Defendant Academy Sports Plus Outdoors do hereby certify that I have served via the ECF filing system, a true and correct copy of the above and foregoing document to all counsel of record.

This the 10th day of September, 2021.

/s/ *Michael C. Williams*
Michael C. Williams (MBN 104537)